### In the Matter of Arvil R. HOWE.

### No. 71S00–0310–DI–438.

Supreme Court of Indiana.

Dec. 23, 2004.

### ORDER IMPOSING DISCIPLINE UPON AGREED FACTS

Pursuant to Ind.Admission and Discipline Rule 23, Section 17(a), the respondent has submitted to this Court his affidavit consenting to discipline in which he acknowledges the truth of the material facts set forth in the Indiana Supreme Court Disciplinary Commission's *Verified Complaint for Disciplinary Action*, filed October 3, 2003. The admitted facts are summarized as follows:

**Facts:** In Count I, respondent admits that in August 1997 he represented a client in a claim for personal injury, civil rights violation and false arrest against the South Bend Police Department. Respondent's contingency fee agreement was never reduced to writing. The client's family paid $500 toward litigation expenses, but respondent did not deposit the money in his trust account.

Approximately one year after being hired, respondent had not filed suit, nor had he filed a tort claim notice within 180 days as required to assert state-law claims. During that one year, the client's family made numerous unsuccessful attempts to contact respondent regarding the status of the case. On August 4, 1998, the client terminated respondent's representation and his family requested the return of the $500 retainer. Respondent failed to return the retainer and in a response to the Commission in June 1999 maintained the money had remained in his bank account. This statement was false as the balance in the account fell below $500 on at least two occasions.

In Count II, respondent acknowledges he failed to notify his bank by January 1, 1997, that his pre-existing trust account was subject to overdraft reporting. Respondent also acknowledges that between January and August 1998, he wrote four checks on his trust account payable to cash and a fifth payable to his bank. The funds from the fifth check were used by the bank to issue a Treasurer's check payable to the Indiana Department of Revenue to pay respondent's 1995 personal taxes.

In Count III, respondent admits he filed a praecipe on March 18, 1998 to appeal his client's conviction. Respondent failed to timely file the record and the appeal was dismissed on February 8, 1999. One month later, the Court of Appeals granted respondent's motion to file a belated appeal. In addition, the Court of Appeals granted two subsequent requests by respondent for extensions to file his brief, to and including July 30, 1999. Respondent however failed to file the brief. The Court of Appeals, on September 8, 1999, again dismissed the appeal. Respondent's Motion for Rehearing and Petition for Transfer were denied on October 4, and December 14, 1999, respectively. Meanwhile, the client's letters to respondent dated July 9, 1998 and April 14, 1999 went unanswered. The client did not learn of the dismissal of his appeal until approximately July 2000, at which time he requested his file from

respondent so he could pursue post-conviction relief. Respondent failed to respond to the client's request for his file.

In Count IV, respondent admits he represented a client in a criminal appeal. Respondent filed the record of the proceedings one day late and in improper form. As directed by the Court of Appeals, respondent on June 27, 2000, filed a Petition for Belated Appeal and a corrected record. The Court of Appeals granted the petition, making respondent's brief due July 31, 2000. On August 29, 2000, respondent filed a request for an extension of time to file the brief. The Court of Appeals returned the request with instructions to file for a belated appeal. Respondent did not file any additional pleadings and on September 5, 2000, the appeal was dismissed. Respondent's petition for rehearing, asserting he was unaware he would not be notified when his brief was due, was denied.

**Violations:** The respondent violated Ind.Professional Conduct Rule 1.1, which requires lawyers to provide competent representation; Prof.Cond.R. 1.3, which requires lawyers to act with reasonable diligence; Prof.Cond.R. 1.4(a), which requires lawyers to keep clients reasonably informed about the status of their legal matters; Prof.Cond.R. 1.4(b), which requires lawyers to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation; Prof.Cond.R. 1.5(c), which requires lawyer's contingent fee agreements be in writing; Prof. Cond.R. 1.15(a), which requires lawyers to deposit advance payment of litigation expenses in a trust account and prohibits commingling of the lawyer's and client's funds; 1.16(d), which requires a lawyer to return advanced payments and the client's papers; Prof.Cond.R. 8.1(a), which prohibits a lawyer from making a false statement of material fact to the Disciplinary Commission; Ind. Admission and Discipline Rule 23, Section 29(a)(1), which requires a lawyer to notify his bank that his trust account is subject to overdraft reporting; and Admis.Disc.R. 23, Section 29(a)(5), which prohibits a lawyer from writing checks from his trust account made payable to "cash".

For the misconduct found herein, this Court now finds that the respondent should be suspended from the practice of law for a period of six (6) months, beginning February 1, 2005, with automatic reinstatement thereafter. Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward a copy of this Order to the hearing officer and in accordance with the provisions of Admis.Disc.R. 23, Section 3(d).

All Justices concur.